IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-528-BO

| | |
|---|---|
| CHRISTIE WILLIFORD,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20, 22]. A hearing on this matter was held in Edenton, North Carolina on September 9, 2015. For the following reasons, this matter is remanded for further proceedings.

BACKGROUND

Plaintiff applied for Title II disability insurance benefits on April 12, 2011, alleging disability as of January 31, 2008, later amended to December 31, 2010. [Tr. 12]. Her date last insured was December 31, 2010 [*Id.*]. Her application was denied initially and upon reconsideration. After a hearing, an Administrative Law Judge (ALJ) rendered an unfavorable decision on April 24, 2013. [Tr. 9]. The Appeals Council denied Ms. Williford's request for review, rendering the ALJ's decision the final decision of the Commissioner on August 9, 2014. [Tr. 1]. Ms. Williford now seeks judicial review.

Ms. Williford was 39 years old on her date last insured and has a high school education. [Tr. 20]. She has past work as a material handler and alleges disability due to back pain and degenerative disc disease. [Tr. 20].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether there is substantial evidence to support the Commissioner's findings and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her application date. [Tr. 14]. The ALJ found that Ms. Williford's fibromyalgia, degenerative disc disease, and depression constituted severe impairments at step two but were not were found alone or in combination to meet or equal

2

a listing at step three. [*Id.*]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of light work limited to simple, routine, repetitive tasks with only occasional postural activities. [Tr. 16]. The ALJ then found at step four that Ms. Williford was unable to do her past relevant work. [Tr. 20]. Relying on the testimony of a vocational expert, however, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff was capable of performing, including warehouse checker, office helper, and mail clerk. [Tr 21]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act. The record contains no evidence of impairment prior to plaintiff's date last insured, which plaintiff attributed to her lack of financial means.

As the ALJ recognized, evidence that accrues after the date last insured is relevant for purposes of evaluating a plaintiff's condition. [Tr. 17]; *see also Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). Following Ms. Williford's date last insured, a 2011 MRI demonstrated a disc bulge at L54-S1 and at L4-L5. [Tr. 17–18]. The following year, she underwent two spinal surgeries: an April 2012 surgery on her lumbar spine that required manual decompression of her S1 nerve roots [Tr. 726–27], and a July 2012 posterior lumbar fusion surgery from L5 to S1 requiring decompression of the L5 and S1 nerve roots [Tr. 442–43]. By October 2012, plaintiff was back to using a cane with antalgic gait and limited range of motion in her spine. [Tr. 833]. In the six months after the surgery, she suffered a series of falls, after which her treating physician felt he could help her no further and referred her to another provider, Dr. Smith. [Tr. 838]. Dr. Smith noted that Ms. Williford had objective weakness in both legs, positive bilateral straight leg raise, decreased range of motion, abnormal reflexes, and decreased sensation to touch. [Tr. 844]. A 2013 MRI that was solely a part of the record submitted to the

3

Appeals Council revealed extensive scar tissue surrounding L5-S1 with edema of the L5 nerve root. [Tr. 67].

Listing 1.04A requires a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex los and, if there is involvement of the lower back, [4] positive straight-leg-raising test (sitting and supine)[.]" *Radfod v. Colvin,* 734 F.3d 288 at 291 (quoting 20 C.F.R. Pt. 404, Supbt. P, App. 1, § 104A). T ALJ rejected Listing 1.04A because he found that the record did not demonstrate that Ms. Williford underwent "radiographic imaging studies demonstrating evidence that a nerve root or the spinal cord was compromised" or that she had "neurological deficits, spinal arachnoiditis, or lumbar spinal stenosis." [Tr. 15]. In finding plaintiff's complaints of back pain not entirely credible, he noted that "there is minimal medical evidence in this record documenting treatment or testing" between a 2008 bone scan that showed a large area of sclerosis in the lumbosacral spine and the date last insured. [Tr. 17]. Although the ALJ noted that Ms. Williford's later medical history was relevant, he appears to have been concerned about the precise onset date of her impairments as they related to her date last insured. Indeed, at argument, the government focused on whether Ms. Williford's condition was present at her date last insured.

Where precise onset must be inferred, Social Security Ruling 83–20 directs an ALJ to "call on the services of a medical advisor." Further, it provides that "[t]he onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or resulting in death." SSR 83–20. Here, although onset

4

had to be inferred, no medical advisor was consulted. Moreover, there are numerous MRIs and surgery notes in the record that refute the ALJ's finding that the record lacked evidence Ms. Williford underwent any radiographic imaging studies that demonstrated a compromised nerve root or spinal cord. Accordingly, it is clear that substantial evidence does not support the ALJ's decision that plaintiff was not disabled as of December 31, 2010.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). It is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to obtain the advice of a medical expert as to the onset date of Ms. Williford's impairments pursuant to SSR 83–20, reexamine Listing 1.04A in light of the 2011 and 2013 MRIs and the 2012 surgery notes, and reexamine the RFC and Listings in light of the medical expert's conclusions.

5

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED, defendant's motion for judgment on the pleadings [DE 22] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 18 day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE